**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 7, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DARRELL KEITH LANDREAU,

    Defendant - Appellant.

No. 25-1284
(D.C. No. 1:24-CR-00115-SKC-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.
_____

Darrell Keith Landreau pled guilty to possessing an unregistered firearm and

aiding and abetting. The district court sentenced him to 120 months in prison, and he

filed a notice of appeal. The government has now moved to enforce the appeal

waiver in his plea agreement under *United States v. Hahn*, 359 F.3d 1315, 1328

(10th Cir. 2004) (en banc). Mr. Landreau's counsel filed a response to the motion

and moved to withdraw, citing *Anders v. California*, 386 U.S. 738, 744 (1967), and

stating that her "review of the motion and record reveals there are no issues that can

be advanced in good faith and in light of Landreau's Plea Agreement," Resp. at 2.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Consistent with *Anders*, 386 U.S. at 744, we gave Mr. Landreau the opportunity to file a pro se response. His response was initially due on December 3, 2025, and we sua sponte extended the deadline to December 17, but to date he has not filed a response.

We will enforce an appeal waiver if (1) "the disputed appeal falls within the" waiver's scope; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) enforcing the waiver would not "result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. The government argues that all three of these conditions are met in this case.

As required by *Anders*, we fully examined all the proceedings. *See* 386 U.S. at 744. After doing so, we agree there is no non-frivolous basis to oppose the government's motion. We therefore grant the government's motion to enforce the appeal waiver and dismiss the appeal. We also grant counsel's motion to withdraw as Mr. Landreau's attorney.

Entered for the Court

Per Curiam